# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JUANITA SUE ECKLES, as Administrator of the Estate of Ronald David Eckles, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 1:11CV459 |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for disposition of (1) Plaintiff's Motion for Protective Order - Rule 26(c) (Docket Entry 16); and (2) the Parties' Joint Motion for Expedited Resolution of Discovery Dispute (Docket Entry 19). (See Docket Entry dated Aug. 31, 2012.) For the reasons that follow, the Court will deny Plaintiff's Motion for Protective Order - Rule 26(c) and deny the Parties' Joint Motion for Expedited Resolution of Discovery Dispute as moot.

BACKGROUND

Plaintiff brought suit in this district against the United States alleging medical malpractice on the part of the Durham Veterans Administration Medical Center resulting in the death of her husband. (See Docket Entry 1.) During discovery, Defendant served Plaintiff a Second Amended Notice of Deposition noticing Plaintiff's deposition for August 8, 2012, in Greensboro, N.C.

(See Docket Entry 16-1.) Plaintiff filed the instant Motion for Protective Order contending that requiring Plaintiff to travel to North Carolina from her home in Florida to attend that deposition constitutes an "undue burden or expense" under Rule 26(c)(1) of the Federal Rules of Civil Procedure. (See Docket Entry 17 at 3.)[1]

In connection with that Motion, Plaintiff has filed an affidavit attesting that she currently works as a sales associate for 35 hours per week and if required to travel, "she would have to request at least [] 3 days [off] from work which would cost her $196.00, [sic] in lost wages" in addition to the requisite travel expenses. (See Docket Entry 16-2, ¶¶ 5, 6.) She also notes that her attendance at an earlier mediation has already required her to pay a substantial amount in travel expenses and to take additional time off of work. (See id.; Docket Entry 17 at 2.) Moreover, through her brief, Plaintiff contends that because she previously attended that in-person mediation with Defendant, concerns regarding Defendant's ability to observe Plaintiff's demeanor and mannerisms during the course of the deposition are minimized. (See Docket Entry 17 at 4.) Plaintiff requests that her deposition take place near her home in Florida or by way of video conference. (See id. at 6.)

---

[1] The Parties' Joint Motion for Expedited Resolution of Discovery Dispute merely seeks to quicken this Court's resolution of Plaintiff's Motion for Protective Order. (See Docket Entry 19.)

Defendant opposes Plaintiff's Motion on several grounds. Initially, Defendant contends that Plaintiff should be required to attend her deposition in the forum in which she filed suit. (See Docket Entry 18 at 5-6.) Defendant also contends that Plaintiff has failed to show good cause for the requested protective order. (See id. at 9-10.) Moreover, Defendant argues that, even if Plaintiff has shown good cause, Defendant would be prejudiced because Plaintiff's deposition, as it relates to the death of Plaintiff's husband, is likely to be "emotionally charged" and, accordingly, video deposition is ill-suited for observing Plaintiff's mannerisms. (Id. at 11.) Relatedly, Defendant argues that it was not on notice at the time of the earlier mediation (which Defendant notes was voluntary and conducted at Plaintiff's suggestion (see id. at 7)) that it might not have further opportunity to examine Plaintiff in person and thus should not be denied that opportunity now. (See id. at 7.) Finally, Defendant contends that requiring it to conduct a deposition via video conference would create difficulties in referencing certain documents necessary to the deposition. (See id. at 10.)

DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). In the case

of a plaintiff challenging the location of her deposition, "[g]enerally, plaintiffs 'must make themselves available for examination in the district in which suit was brought.'" Webb v. Green Tree Servicing LLC, ___ F.R.D. ___, ___, 2012 WL 2899382, at *2 (D. Md. 2012) (quoting EEOC v. Denny's Inc., No. WDQ-06-2527, 2009 WL 3246940, at *1 (D. Md. Oct. 2, 2009) (unpublished)) (additional quotation marks and citation omitted). "At best, however, this is a general rule which is subject to exception, when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff, and its agents, outside of the forum District." Archer Daniels Midland Co. v. AON Risk Servs. Inc. of Minn., 187 F.R.D. 578, 588 (D. Minn. 1999).

Here, Plaintiff has failed to make a showing sufficient to overcome the general rule that she should attend her deposition in the forum in which she brought suit. Although Plaintiff may incur burden and expense in traveling to North Carolina, "[d]epositions usually involve some burden to all participants. They often involve expense for transportation, sometimes overnight lodging, and often some loss of income. Such expense and loss constitute part of the ordinary burden or litigation that each party must bear. Only in unusual circumstances would the Court shift the ordinary burden of litigation to the opposing party." Clayton v.

Velociti, Inc., Civil Action No. 08-2298-CM/GLR, 2009 WL 1033738, at *3 (D. Kan. Apr. 17, 2009) (unpublished). Even taking into account Plaintiff's prior expenses related to attending mediation in North Carolina, Plaintiff's instant showing - that she would have to take three days off of work and would lose that income in addition to the cost of travel - does not appear unusual in any way. Plaintiff has not contended, for example, that she would lose her job by attending the deposition, that she lacks funds to pay the travel expenses, or that she suffers some physical impediment that would create an obstacle to her attendance. In fact, Plaintiff has not advised the Court of her overall financial situation in any respect. (See Docket Entries 16, 16-2, 17.)

Under these facts, Plaintiff has failed to meet the good cause standard of Rule 26(c).[2]

## CONCLUSION

Plaintiff has not presented a sufficient showing for this Court to issue a protective order pursuant to Rule 26(c). Given the Court's disposition on Plaintiff's Motion, the Parties' Joint Motion to Expedite requires no further comment.

---

[2] Plaintiff cites Jahr v. IU Int'l Corp., 109 F.R.D. 429 (M.D.N.C. 1986) (Eliason, M.J.), in support for her position that the Court should permit a telephonic, or video, deposition. (See Docket Entry 17 at 5.) Jahr, however, involved the deposition of a witness as opposed to a plaintiff. See Jahr, 109 F.R.D. at 430. In fact, Magistrate Judge Eliason highlighted that distinction in making his determination. Id. at 431.

-5-

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order - Rule 26(c) (Docket Entry 16) is **DENIED.**

**IT IS FURTHER ORDERED** that the Parties' Joint Motion for Expedited Resolution of Discovery Dispute (Docket Entry 19) is **DENIED AS MOOT.**

<pre>                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                              **United States Magistrate Judge**</pre>

September 10, 2012